## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ZEV SUPPLIES CORP., | |
| Plaintiff, | Civil Action No. 0:26-cv-60509 |
| v. | |
| ANKER INNOVATIONS LIMITED and SHENZHEN OCEANWING SMART INNOVATIONS TECHNOLOGY CO., LTD., | |
| Defendants. | |

## COMPLAINT

Plaintiff Zev Supplies Corp. ("Plaintiff"), by its undersigned attorneys, for its Complaint against Anker Innovations Limited ("Anker") and Shenzhen Oceanwing Smart Innovations Technology Co., Ltd. ("Shenzhen Oceanwing," and together with Anker, "Defendants"), states as follows:

## INTRODUCTION

1.     Defendants are engaged in a deliberate effort to unlawfully exclude Plaintiff as a competitor in the breast pump market. Defendants knowingly and deliberately submitted false and misleading notices of intellectual property infringement to Plaintiff's retail customers and commercial partners in order to disrupt Plaintiff's commercial relationships, block Plaintiff's market access, and prevent Plaintiff from lawfully selling its non-infringing products through established retail channels.

2.     Specifically, Defendants, knowing that Plaintiff's products do not infringe U.S. Design Patent No. D1,087,325 (**Exhibit A**, "the D'325 Patent"), asserted patent and other

unspecified and unidentified intellectual property rights against Plaintiff to Plaintiff's retail customers and commercial partners.

3.     Defendants' nefarious actions intentionally caused harm to Plaintiff.

4.     This action seeks redress for these tortious activities.  As part of this relief, Plaintiff brings this action for a judgment declaring that the D'325 Patent is not infringed, is invalid and is unenforceable.

## THE PARTIES

5.     Plaintiff is a corporation formed under the laws of the state of New York with a principal place of business at 2700 Gateway Drive, Unit A, Pompano Beach, Florida 33069.

6.     On information and belief, Defendant Anker Innovations Limited, doing business as "Eufy," is a limited liability company organized under the laws of Hong Kong with a principal place of business at Tower 2, Admiralty Centre, Unit 56, 8th Floor, 18 Harcourt Road, Hong Kong. On information and belief, Defendant Anker can be served at 5350 Ontario Mills Parkway, Suite 100, Ontario, California 91764.

7.     On information and belief, Shenzhen Oceanwing Smart Innovations Technology Co., Ltd. is a limited liability company organized under the laws of China, with a principal place of business at B701-705 7/F Jianxing Technology Building, 3151 Shahe West Road, Nanshan District, Guandong, Shenzhen City, China 518055. On information and belief, Defendant Shenzhen Oceanwing can be served at 5350 Ontario Mills Parkway, Suite 100, Ontario, California 91764.

8.     On information and belief, Defendants are affiliates under the common control of Anker Innovations Technology Co., Ltd.

## JURISDICTION AND VENUE

9.     The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, the Patent Act, 35 U.S.C. § 101 et seq., and 28 U.S.C. §§ 1331, 1338, and 1367.

10.     An actual and justiciable controversy exists between Plaintiff and Defendants as to the non-infringement, invalidity and enforceability of the D'325 Patent. Defendants have accused and continue to accuse Plaintiff and its products of infringing the D'325 Patent, as discussed herein. Plaintiff and its products do not infringe and have never infringed the D'325 Patent and therefore Plaintiff has a right to engage in the complained-of activity.

11.     This Court can provide the declaratory relief sought herein because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201.

12.     Defendants are subject to specific jurisdiction in this Court, *inter alia*, because they conduct business in this District and have committed at least some of the acts complained of herein within this District.

13.     On information and belief, Defendants do business in the State of Florida, sell large quantities of consumer products, including its breast pump product, to customers in Florida, maintain an interactive website accessed by residents of Florida, and otherwise avail themselves of the privilege of doing business in the State of Florida.

14.     Defendants have purposely directed their activities, including the illegal acts against Plaintiff described below, toward this District, and this action arises from those activities.

15.     Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District and the Defendants are subject to personal jurisdiction in this District.

## PLAINTIFF AND ITS BUSINESS

16.     Plaintiff designs, manufactures, and sells a wide variety of breast pumps and other maternity and baby products. Plaintiff offers for sale and sells its products, through multiple online retail channels, including direct-to-consumer sales via its website (https://zomee.com/) and through partnerships with various third-party online retailers in the maternity and baby industry.

17.     Plaintiff has been selling breast pumps since at least as early as 2019. Plaintiff has invested substantial time, resources, and effort in developing its products, building its brand reputation, and establishing strong relationships with its retail partners.

18.     Plaintiff's wearable breast pump products include the Zomee Mother's Nature W1 Warming Wearable Breast Pump (the "Zomee Product").



19.     Plaintiff has established successful and valuable business relationships with numerous retail customers and commercial partners for the distribution and sale of its products, including the Zomee Product. These relationships are critical to Plaintiff's commercial success and represent substantial ongoing and prospective economic value to Plaintiff.

20.     Any harm that comes to the relationship between Plaintiff and its retail customers and commercial partners creates potential for serious and irreparable injury to Plaintiff.

## DEFENDANTS AND THEIR ASSERTED PATENT

21.     Defendants are competitors of Plaintiff in the breast pump marketplace. Like Plaintiff, Defendant Anker sells wearable breast pumps under the "Eufy" brand.

22.     Defendant Anker's Eufy breast pump products are sold through the same or similar online retail channels.

23.     On February 2, 2024, Defendant Shenzhen Oceanwing, through counsel, filed the application for the D'325 Patent (the "D'325 Application") with the United States Patent and Trademark Office ("USPTO").  The D'325 Application claimed priority to Chinese Application No. 202330496833.1 filed on August 4, 2023.

24.     A search of records maintained by the USPTO shows that Defendant Shenzhen Oceanwing is the owner, by assignment, of the D'325 Patent.

25.     The D'325 Patent identified Gaoxin Bi, Sangmin Yu, and Chenyu Zhang as the inventors of the design claimed.

26.     On February 2, 2022, in connection with the D'325 Application, Bi, Yu, and Zhang each signed a declaration pursuant to 37 C.F.R. § 1.63 stating, in part, "I believe that I am the original inventor or an original joint inventor of a claimed invention in the application."

27.     Upon information and belief, at all relevant times, Bi, Yu, Zhang, and Defendants knew that Bi, Yu, and Zhang were not original inventors of the claimed design in the D'325 Application.

28.     The D'325 Patent, entitled "Breast Pump" issued on August 5, 2025.

29.     As shown below, the D'325 Patent solely claims "[t]he ornamental design for a breast pump as shown and described," and further specifies that "[t]he broken lines depict portions of the breast pump that form no part of the claimed design."



FIG. 1                    FIG. 2                    FIG. 3

**DEFENDANT ANKER'S ATTEMPT TO STIFLE COMPETITION BY SENDING
FALSE AND MISLEADING INTELLECTUAL PROPERTY
INFRINGEMENT NOTICES**

30.     On information and belief, Defendant Anker has engaged in efforts designed to preclude Plaintiff from selling the Zomee Product by making false and defamatory allegations of patent infringement to Plaintiff's retail customers.

31.     For example, on or about January 28, 2026, Plaintiff received notice from at least one of its retail customers, namely, Baby List, Inc., that it had received an infringement notice concerning the Zomee Product from Defendant Anker. The notice alleged that the Zomee Product infringed intellectual property rights held by Defendant Anker without identifying any specific patent allegedly infringed. As a result, this customer removed listings for the Zomee Product from its website and cancelled its outstanding purchase order for its supply of Zomee Products. To date, the listing has not been restored and the business relationship remains disrupted.

32.     On information and belief, Defendant Anker sent similar notices to at least two additional retail customers and commercial partners of Plaintiff, namely, 1 Natural Way LLC and Aeroflow Breastpumps, as part of a coordinated effort to systematically disrupt Plaintiff's distribution channels.

33.     On information and belief, the purpose of these false complaints is to prevent Plaintiff from selling its Zomee Product through its online retail channels and suppress lawful competition.

34.     On information and belief, the purpose of these false complaints was to damage Plaintiff's reputation and goodwill, such that Plaintiff's retail customers would suspend or terminate their relationship with Plaintiff.

35.     On or about January 29, 2026 and again on February 3, 2026, counsel for Plaintiff sent a letter to Defendant Anker regarding the infringement notice received by Plaintiff's customer, demanding that Defendant Anker cease and desist from making any further false or misleading statements regarding alleged patent infringement by Plaintiff or its products, and to promptly retract any infringement complaints or similar submissions made to any third party.

36.     On or about February 3, 2026, a representative of Defendant Anker responded to undersigned counsel for Plaintiff, identifying, for the first time, the D'325 Patent as the purported basis for its infringement allegations. That representative further specified that Defendant Anker and Defendant Shenzhen Oceanwing are affiliates under the common control of Anker Innovations Technology Co., Ltd.

37.     Because Plaintiff's Zomee Product does not infringe the D'325 Patent, neither Defendant Anker nor Defendant Shenzhen Oceanwing have any legitimate intellectual property claim(s) against Plaintiff.

38.     The ornamental appearance of Plaintiff's Zomee Product has clear and obvious differences from the breast pump contemplated by the D'325 Patent, such that it not substantially similar and does not infringe the design claimed in the D'325 Patent.

39.     For example, the Zomee Product has a single, continuous crescent-shaped base formed on the bottom of the collection container, whereas the D'325 Patent depicts two distinct, separated legs:



| D'325 Patent | Zomee Product |
|:---:|:---:|

40.     As another example, the Zomee Product has an oval-shaped control panel, which further incorporates a distinct kidney-shape within, in contrast to the rounded triangular shape of the control panel depicted in the D'325 Patent:



| D'325 Patent | Zomee Product |
|:---:|:---:|
| FIG. 1 | |
| FIG. 3 | |

41.     The differences between the Zomee Product and the D'325 Patent would be even more apparent to an ordinary observer taking into account the prior art, as required.

42.     U.S. Patent No. D1,012,269 (**Exhibit B**, the "D'269 Patent"), entitled "Wearable Breast Pump," issued on January 23, 2024 from U.S. Patent Application Serial No. 29/836,081 filed on April 25, 2022 and claimed priority to Chinese Application No. 202230110379.7 filed on March 4, 2022. The D'269 Patent is prior art to the D'325 Patent. An excerpt of one of the figures disclosed in the D'269 Patent is shown below:



FIG.7

43.     U.S. Patent No. D1,012,270 (**Exhibit C**, the "D'270 Patent"), entitled "Wearable Breast Pump," issued on January 23, 2024 from U.S. Patent Application Serial No. 29/836,576 filed on April 28, 2022. The D'270 Patent is prior art to the D'325 Patent. An excerpt of one of the figures disclosed in the D'270 Patent is shown below:



FIG.7

44.    In view of this and other prior art, an ordinary observer, giving such attention as a purchaser usually gives, would not consider the two designs to be substantially the same.

45.    For at least the above reasons, among others, the Zomee Product does not infringe the D'325 Patent.

46.    Moreover, at least in view of the prior disclosure of the design claimed by the D'325 Patent prior to its alleged earliest effective filing date, the D'325 Patent is invalid as anticipated under 35 U.S.C. § 102 and/or as obvious under 35 U.S.C. § 103.

47.    On information and belief, Defendant Anker knew, or should have known, that such allegations of patent infringement were false and that the Zomee Product does not infringe the D'325 Patent.

48.    On information and belief, Defendant Anker's allegation that the Zomee Product infringes the D'325 Patent was knowingly false and made in bad faith, and with the intent to damage Plaintiff.

49.    The above false reports are part of an ongoing and continuous course of conduct by Defendant Anker to interfere in Plaintiff's ability to sell the Zomee Product.

**HARM TO PLAINTIFF**

50.     As a result of the Defendant Anker's false patent infringement notices, outstanding purchase orders for Plaintiff's Zomee Product were cancelled by Plaintiff's retail customers, resulting in an immediate loss of revenue.

51.     Defendant Anker's allegations of infringement have further interfered with Plaintiff's relationships with its retail customers and commercial partners, causing Plaintiff's customers to question the integrity of that relationship and the reliable supply of Zomee Products.

52.     Upon information and belief, Defendant Anker's primary purpose of such notice is to entice Plaintiff's customer to stop their business relationship with Plaintiff and to prevent Plaintiff from selling its Zomee Product in the marketplace through its established online retail channels.

<u>**FIRST CAUSE OF ACTION**</u>
**(Declaratory Judgment of Non-Infringement of the D'325 Patent – Defendant Shenzhen Oceanwing)**

53.     Plaintiff repeats and realleges the allegations of Paragraphs 1–52 as if fully set forth herein.

54.     This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

55.     Defendant Shenzhen Oceanwing is the owner of record of the D'325 Patent, and Defendant Shenzhen Oceanwing, through Defendant Anker, allege that Plaintiff and its Zomee Product infringes the D'325 Patent.

56.     There exists an actual and justiciable controversy between Plaintiff and Defendant Shenzhen Oceanwing with respect to the alleged infringement of the D'325 Patent due to the assertion of this patent against Plaintiff.

57.     Plaintiff has not infringed and does not infringe, either directly or indirectly, any valid claim of the D'325 Patent.

58.     For example, as explained above in Paragraphs 38–46, the design differences between the Zomee Product and the D'325 Patent would be immediately apparent to an ordinary observer familiar with the prior art, such that the observer would not consider the design of the Zomee Product to be substantially the same as the design of the D'325 Patent.

59.     Plaintiff is not willfully, deliberately, or intentionally infringing, and has never willfully, deliberately, or intentionally infringed any valid claim of the D'325 Patent.

60.     In view of the foregoing, Plaintiff is entitled to a judgment declaring that Plaintiff's Zomee Product does not infringe the D'325 Patent.

<u>SECOND CAUSE OF ACTION</u>
**(Declaratory Judgment of Patent Invalidity – Defendant Shenzhen Oceanwing)**

61.     Plaintiff repeats and realleges the allegations of Paragraphs 1–52 as if fully set forth herein.

62.     This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

63.     Defendant Shenzhen Oceanwing is the owner of record of the D'325 Patent, and Defendant Shenzhen Oceanwing, through Defendant Anker, allege that Plaintiff and its Zomee Product infringes the D'325 Patent.

64.     There exists an actual and justiciable controversy between Plaintiff and Defendant Shenzhen Oceanwing with respect to the validity of the claims of the D'325 Patent due to the assertion of this patent against Plaintiff.

65.     As discussed above in Paragraphs 42, 43, and 46, the asserted claim of the D'325 Patent is anticipated and/or rendered obvious by other, earlier patents and prior art.

- 13 -

66.     The asserted claim of the D'325 Patent is invalid for failure to comply with at least 35 U.S.C. §§ 102, 103, and/or 112.

67.     In view of the foregoing, Plaintiff is entitled to a judgment declaring that the D'325 Patent is invalid under at 35 U.S.C. §§ 102, 103, and/or 112.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment of Patent Unenforceability – Defendant Shenzhen Oceanwing)

68.     Plaintiff repeats and realleges the allegations of Paragraphs 1–52 as if fully set forth herein.

69.     This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

70.     There exists an actual and justiciable controversy between Plaintiff and Defendant Shenzhen Oceanwing with respect to the alleged enforceability of the D'325 Patent due to the assertion of the D'325 Patent against Plaintiff.

71.     On February 2, 2024, Defendant Shenzhen Oceanwing, through counsel, filed the application for the D'325 Patent with the USPTO. The D'325 Patent identified Gaoxin Bi, Sangmin Yu, and Chenyu Zhang as the inventors of the design claimed.

72.     In connection with the application for the D'325 Patent, Bi, Yu, and Zhang each signed and filed a declaration pursuant to 37 C.F.R. § 1.63 stating, in part, "I believe that I am the original inventor or an original joint inventor of a claimed invention in the application."

73.     Upon information and belief, before and during the prosecution of the D'325 Patent, Defendant Shenzhen Oceanwing and Bi, Yu, and Zheng knew that Bi, Yu, and Zhang were not original inventors of the design claimed in the application for the D'325 Patent.

74.     In view of the foregoing, Plaintiff is entitled to a judgment declaring that the D'325 Patent was obtained by inequitable conduct upon the USPTO and thus is unenforceable.

## <u>FOURTH CAUSE OF ACTION</u>
### (Tortious Interference with Business Relations – Defendant Anker)

75.     Plaintiff repeats and realleges the allegations of Paragraphs 1–52 as if fully set forth herein.

76.     Plaintiff has had an advantageous business relationship with its retail customers and partners, which allows Plaintiff to sell its Zomee Product through various online retail channels.

77.     At all relevant times, Defendant Anker was aware of Plaintiff's business relationship with its retail customers.

78.     At all relevant times, Defendant Anker was aware of the advantageous business relationship that comes with being an supplier of products third-party online retail customers.

79.     As discussed above in Paragraphs 31–37 and 47–49, Defendant Anker intentionally and improperly interfered with Plaintiff's advantageous relationship with its retail customers and partners by falsely claiming, with knowledge of such falsity, in writing, to those customers, that Plaintiff's Zomee Product was infringing intellectual property rights of Defendants.

80.     As discussed above in Paragraphs 50–52, Defendant Anker's conduct directly and proximately caused disruption of Plaintiff's relationship with its retail customers.

81.     Defendant Anker intended to cause Plaintiff's retail customers to suspend Plaintiff's ability to sell the Zomee Product on their online retail channels and therefore interfere with the business relationship Plaintiff's retail customers had with Plaintiff.

82.     Defendant Anker had actual knowledge that its actions would cause Plaintiff's retail customers to remove Plaintiff's listings for Plaintiff's Zomee Product.

83.     Defendant Anker's accusations of infringement, made directly to Plaintiff's retail customers, were for the improper purpose of suppressing competition.

84.     Defendant Anker's actions interfered with Plaintiff's business relationship with Plaintiff's retail customers and proximately caused Plaintiff's listings for Plaintiff's Zomee Product to be taken down and for outstanding purchase orders for the Zomee Product to be cancelled.

85.     Defendant Anker's accusations were false and were made maliciously and with ill will.

86.     Plaintiff has been damaged by suspension of these listings and cancellation of orders by losing revenue related to the Zomee Product.

87.     Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

88.     Defendant Anker's conduct was malicious, intentional and oppressive, thereby justifying an award of punitive damages.

89.     Plaintiff has suffered injury and, unless Defendant Anker is enjoined from such activity, Plaintiff will continue to suffer injury.

## FIFTH CAUSE OF ACTION
### (Defamation – Defendant Anker)

90.     Plaintiff repeats and realleges the allegations of Paragraphs 1–89 as if fully set forth herein.

91.     As discussed above in Paragraphs 31–37 and 47–49, Defendant Anker made false statements to Plaintiff's retail customers regarding Plaintiff as described in this Complaint, including by sending false patent infringement notices to Plaintiff's retail customers alleging that Plaintiff infringed Defendants' intellectual property rights with the intent to injure Plaintiff.

92.     As discussed above in Paragraphs 38–45, Plaintiff did not infringe any of Defendants' intellectual property rights, including the D'325 Patent.

93.     As discussed above in Paragraphs 50–52, Defendant Anker's false statements were injurious to Plaintiff's business because they caused Plaintiff's retail customers to suspend their listings related to Plaintiff's Zomee Product.

94.     On information and belief, Defendant Anker was, at a minimum, negligent in making the false statements to Plaintiff's retail customers because, among other things, Defendant Anker knew that the Zomee Product does not infringe any of Defendants' intellectual property rights, including the D'325 Patent.

95.     Defendant Anker's false statements are not protected by any privilege.

96.     Defendant Anker acted with actual malice, or with reckless disregard for the truth of the matter contained in Defendant Anker's false statements to Plaintiff's retail customers.

97.     False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation *per se*.

98.     The statements made by Defendant Anker were defamatory *per se*.

99.     Additionally, Plaintiff incurred special harm, including, but not limited to, damage to Plaintiff's relationship with Plaintiff's retail customers.

100.    Whether by defamation *per se* or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to Plaintiff's Zomee Product with Plaintiff's retail customers has been suspended and Plaintiff has lost sales of Plaintiff's Zomee Product.

101.    Plaintiff is entitled to damages, costs, and attorneys' fees as allowed by law.

102.    As a result of the defamatory statements made by Defendant Anker, Plaintiff has been damaged in an amount to be determined at trial.

103.    Defendant Anker's conduct was malicious, intentional and oppressive, thereby justifying an award of punitive damages.

104.    Plaintiff has suffered irreparable injury and, unless Defendant Anker is enjoined from such activity, will continue to suffer irreparable injury.

## SIXTH CAUSE OF ACTION
### (Violation of Florida Deceptive and Unfair Trade Practices Act – Defendant Anker)

105.    Plaintiff repeats and realleges the allegations of Paragraphs 1–104 as if fully set forth herein.

106.    Plaintiff brings this count against Defendant Anker for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.20 *et seq*. The FDUTPA generally prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce," including practices in restraint of trade. Florida Stat. § 501.204(1).

107.    The primary policy of the FDUTPA is "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Florida Stat. § 501.202(2).

108.    A claim for damages under the FDUTPA has three elements: (1) a prohibited practice; (2) causation; and (3) actual damages.

109.    Defendant Anker, by its actions described herein in Paragraphs 30–52, has engaged in unfair and deceptive acts or practices in violation of FDUTPA. For example, as discussed above, Defendant Anker, knowing or having reason to know that the Zomee Product does not infringe the D'325 Patent, wrongfully, deceptively, and unfairly asserted the D'325 Patent against Plaintiff through Plaintiff's retail customers, causing listings of Plaintiff's Zomee Product to be delisted and outstanding purchase orders to be cancelled.

110.    At the time Defendant Anker sent infringement notices to Plaintiff's retail customers and thereafter, Defendant Anker knew or had reason to know that Plaintiff's Zomee Product did not, and does not, infringe the D'325 Patent, as discussed above in Paragraphs 38–45.

111.    As a direct and proximate cause of Defendant Anker's unlawful conduct, Plaintiff has suffered reputational and economic damages through disabled product listings, lost product sales, damage to Plaintiff's reputation with its retail customers, and other damages to Plaintiff's business.

112.    Defendant Anker has demonstrated that it will continue its campaign of unfair business practices through its attempts to send similar infringement notices to other retail customers and/or commercial partners of Plaintiff.

113.    Defendant Anker's actions have forced Plaintiff's Zomee Product from its primary retail channel in the marketplace, thereby causing injury to consumers through higher prices and reduced product purchase alternatives in violation of the Florida Deceptive and Unfair Trade Practice Act. Accordingly, Defendant Anker's conduct was an unfair method of competition, and an unfair or deceptive act or practice within the conduct of commerce within the State of Florida.

114.    As a result of Defendant Anker's deceptive and unfair conduct, Plaintiff has suffered and will continue to suffer damages, including actual damages, in an amount to be determined at trial.

115.    By reason of the foregoing, Plaintiff is entitled to seek all forms of relief, including injunctive relief pursuant to Florida Stat. §501.208 and declaratory judgment, actual damages, reasonable attorneys' fees and costs pursuant to Florida Stat. § 501.211.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment as follows:

A.    Declaring that Plaintiff's Zomee Product has not infringed the D'325 Patent;

B.      Declaring that the D'325 Patent is invalid and/or unenforceable;

C.      Preliminary and permanent injunctive relief restraining Defendant Anker and its agents, servants, employees, successors and assigns, and all others in concert and privity with it from making, publishing, transmitting, or causing to be made any false or misleading statements or representations to Plaintiff's current and prospective retail customers, or any other third-party retailer or e-commerce platform, in any manner, concerning the Zomee Product;

D.      Injunctive relief requiring Defendant Anker to rescind all complaints and notices that they have filed against Plaintiff;

E.      Declaring this action an exceptional case under 35 U.S.C. § 285;

F.      Awarding Plaintiff its damages caused by Defendant Anker's tortious interference;

G.      Awarding Plaintiff its damages caused by Defendant Anker's defamation;

H.      Awarding Plaintiff punitive damages;

I.      Awarding Plaintiff its attorney's fees and costs incurred in this Action; and

J.      Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury.

Dated:  February 24, 2026                    Respectfully submitted,


                                         By:   */s/ Geoffrey M. Cahen*
                                              Geoffrey M. Cahen
                                              Florida Bar No. 0013319
                                              CAHEN LAW, P.A.
                                              1900 Glades Road, Suite 270
                                              Boca Raton, Florida  33431
                                              Tel. No.: (561) 922-0430
                                              Geoff@cahenlaw.com

                                              Tuvia ROtberg (*Pro Hac Vice Forthcoming*)
                                              Chandler Sturm (*Pro Hac Vice Forthcoming*)
                                              TARTER KRINSKY & DROGIN LLP
                                              1350 Broadway
                                              New York, NY  10018
                                              Tel. No: (212) 216-8000
                                              mberkowitz@tarterkrinsky.com
                                              trotberg@tarterkrinsky.com
                                              csturm@tarterkrinsky.com

                                              ***Attorneys for Plaintiff***